**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDRE R. LEVESQUE,

                            Plaintiff,

    v.                                                  No. 12-CV-960
                                                       (DNH/CFH)

CVPH MEDICAL CENTER,

                            Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

ANDRE R. LEVESQUE
Plaintiff pro se
c/o UPS Store #149
35A Smithfield Blvd
Plattsburgh, New York 12901

STAFFORD, OWENS LAW FIRM          JUSTIN R. MEYER, ESQ.
Attorneys for Defendant
One Cumberland Avenue
Plattsburgh, New York 12901

**CHRISTIAN F HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Andre R. Levesque ("Levesque"), brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq, alleging defendant Champlain Valley Physicians Hospital Medical Center ("CVPH") discriminated against him by failing to accommodate a medical condition afflicting Levesque. Am. Compl. (Dkt. No. 19). Presently pending is CVPH's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Dkt. No. 87. Levesque opposes the instant motion. Dkt. Nos. 91, 95, 98. CVPH replied to Levesque's opposition. Dkt. Nos. 93, 99. For the following reasons, it is recommended that defendant's motion be denied.

## I. Background

The facts are related herein in the light most favorable to Levesque as the non-moving party. See subsection II(A) infra.

Levesque suffers from Epidermolysis Bullosa Simplex ("EBS"), a rare medical condition which can result in progressive pain, discomfort, skin blistering, impaired healing ability, and other similar harm. Am. Compl. at 3, 24, 29. Levesque explains that his condition is exacerbated by contact with hard surfaces and coarse fabrics because the layers of his skin will separate with little or no trauma. Id. at 3, 38, 41.

Levesque was brought to CVPH.[2] See generally Am. Compl. Assuming all factual allegations as true, Levesque had previously been treated at CVPH on at least one occasion, during which time he informed CVPH of his condition. Id. at 8, 21; Suppl. Am. Compl. (Dkt. No. 44-1) at 1. Staff members at CVPH refused to accommodate Levesque's medical condition after requests for clothing items and shoes were made.[3] Am. Compl. at 12–15, 21–25, 31, 36–38, 41–42, 46. The requested items would have helped to mitigate

---

[2] The information provided by Levesque is often confusing and ambiguous. As such, it is unclear exactly how or when Levesque came to be at CVPH Medical Center. See generally Am. Compl.; Suppl. Am. Compl. (Dkt. No. 44-1); Plaintiff's Response to Motion to Dismiss (Dkt. No. 95) at 2.

[3] It is unknown exactly what was requested, but it can be inferred that among Levesque's requests were: comfortable footwear; various clothing items including socks and a sweatshirt; and chap stick. See Am. Compl. at 41.

2

the injury incurred by Levesque. Id. at 3, 10, 12–15, 21–25, 31, 36–38, 41–42, 46.

As a result of inadequate clothing and footwear, Levesque developed five sores on the bottom of his feet which took over a month to heal. Am. Compl. at 21, 24–25, 29. During Levesque's stay, the inappropriate clothing led to uncomfortable fluctuations in body temperature. Id. at 24.

## II. Discussion

Viewing the allegations in the light most favorable to the plaintiff, Levesque contends that defendant violated his rights under the ADA when they knowingly refused to accommodate his medical condition which resulted in Levesque sustaining injuries.

CVPH moves to dismiss on the grounds that (1) it is not a state actor for 42 U.S.C. § 1983 purposes, (2) Levesque has failed to sufficiently plead a claim under Title III of the ADA and (3) even if Levesque has successfully pleaded a claim under Title III of the ADA, it would be moot as Levesque is no longer a patient at CVPH.

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 329, 335 (2d. Cir 2009)). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).

Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citations omitted). However, there are instances where the court may consider documents outside those previously referenced, including when the documents are only "partially quoted in [the] complaint . . .; integral to [the] complaint . . .; [or] relied upon . . . in drafting the complaint . . . ." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (internal quotation marks and citations omitted). Specifically, the following documents may be considered when construing a complaint's pleading sufficiency:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information

4

> contained in defendant's motion papers if plaintiff has knowledge
> or possession of the material and relied on it in framing the
> complaint, . . . and (5) facts of which judicial notice may properly
> be taken under Rule 201 of the Federal Rules of Evidence.

Weiss v. Incorp. Village of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (citations omitted).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se
> litigant is entitled to special solicitude, that a pro se litigant's
> submissions must be construed liberally, and that such
> submissions must be read to raise the strongest arguments that
> they suggest. At the same time, our cases have also indicated
> that we cannot read into pro se submissions claims that are not
> consistent with the pro se litigant's allegations or arguments that
> the submissions themselves do not suggest that we should not
> excuse frivolous or vexatious filings by pro se litigants, and that
> pro se status does not exempt a party from compliance with
> relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. State Actor

CVPH moves to dismiss any constitutional claims against them arising out of 42 U.S.C. § 1983, because it is not a state actor. To the extent that the Court had previously dismissed such claims, this issue need not be reconsidered. Dkt. No. 74 at 6–8. As no

5

such claims currently exists, the motion should be denied on this ground.[4]

## C. ADA

Title III of the ADA provides litigants with a cause of action for discrimination against disabled individuals in places of public accommodations. In particular, it provides:

> No individual shall be discriminated against on the basis of
> disability in the full and equal enjoyment of the goods, services,
> facilities, privileges, advantages, or accommodations of any
> place of public accommodation by any person who owns, leases
> (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a) (2012); see also Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004). Discrimination includes:

> a failure to make reasonable modifications in policies, practices,
> or procedures, when such modifications are necessary to afford
> goods, services, facilities, privileges, or accommodations to
> individuals with disabilities, unless the entity can demonstrate
> that making such modifications would fundamentally alter the
> nature of such goods, services, facilities, privileges, advantages,
> or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii).

To state a valid claim under Title III, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against him within the meaning of the ADA. Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008); see also 42 U.S.C. §12182; Powell, 364 F.3d at 85.

---

[4] The Honorable Daniel N. Hurd previously dismissed all claims of this kind against CVPH for the same reasons contained in the motion to dismiss. See Dkt. No. 74.

6

A plaintiff must demonstrate that an accommodation has been requested and was reasonable. Johnson v. Gambrinus Co./ Spoetzl Brewery, 116 F.3d 1052, 1059–60 (5th Cir. 1997). Whether a particular accommodation is reasonable is dependent upon the circumstances in each instance. Staron v. McDonald's Corp., 51 F.3d 353, 355–56 (2d Cir. 1995). Factors for such a case-by-case inquiry include, but are not limited to, financial and administrative burden, the nature and extent of disability, and the utility of the modification. Id. at 356 (citations omitted).

CVPH contends that Levesque has failed to plead a claim under Title III of the ADA by failing to allege that: (1) CVPH owns, leases, or operates a place of public accommodation; (2) any request was made for accommodation; and (3) any request actually made was reasonable. Def.'s Mem. of Law (Dkt. No. 87-2) at 9.

Here, Levesque has stated a plausible ADA claim. In light of the special solicitude afforded to Levesque as a pro se plaintiff, Levesque sufficiently alleged that CVPH is a place of public accommodation when he alleged it was a professional office of a health care provider.[5] 42 U.S.C. § 12181(7)(F) (enumerating "professional office of a health care provider" as a private entity considered to be a place pf public accommodation); Am. Compl. at 2, 6, 11, 18, 22–23, 27, 29–30, 56–57. Further, contrary to CVPH's assertion, Levesque alleged that he notified CVPH of his condition and requested accommodations during his stay. Am. Compl. at 12–15, 21–25, 31, 36–38, 41–42, 46. Furthermore, it can be inferred that providing a patient with particular clothing in relation to a medical condition, such as

---

[5] Levesque's amended complaint is replete with references to CVPH as a "medical center," "hospital," "professional health care provider," and "emergency room." Am. Compl. at 2, 6, 11, 18, 22–23, 27, 29–30, 56–57. Levesque referred to CVPH employees as doctors and nurses. Id.

7

EBS, could indeed be reasonable. Levesque's condition was known to CVPH and yet they took no precautionary measures to prevent harm from occurring. Am. Compl. at 12–15, 21–25, 31, 36–38, 41–42, 46. Moreover, a reasonable inference is drawn from Levesque's allegations that his EBS substantially limits his major life activity of walking, which results in foot sores. Camarillo, 518 F.3d 153; see 29 C.F.R. § 1630.2(i)(1). Thus, a liberal reading of Levesque's allegations, as required by the governing law, shows a plausible ADA claim for purposes of the present motion to dismiss. Iqbal, 556 U.S. at 678.

Accordingly, CVPH's motion on this ground should be denied.

### III. Mootness

The award of monetary relief is not an available remedy under Title III of the ADA. 42 U.S.C. § 12188 (a)(1), Powell, 364 F.3d at 86. The available remedy for a violation of a right granted under Title III of the ADA is injunctive relief. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). Therefore this Court need only consider whether injunctive relief is an available remedy for Levesque's claims. See Powell, 364 F.3d at 86 ("Under Rule 54(c) of the Federal Rules of Civil Procedure, a Court can grant any relief to which a prevailing party is entitled, whether or not that relief was expressly sought.") (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60 (1978), Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 142 (2d. Cir. 2000)).

The ongoing feasibility of "injunctive relief . . . is a question of mootness." See Jones v. Goord, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). "The mootness doctrine ensures that the occasion for judicial resolution . . . persists throughout the life of a lawsuit." Amador v. Andrews, 655 F.3d 89, 99–100 (2d Cir. 2011) (citing Comer v. Cisneros, 37 F.3d 775, 798

8

(2d Cir. 1994)). "It is not enough that a dispute was very much alive when suit was filed. . . . the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (internal quotations omitted)). A claim becomes moot if the parties have no legally cognizable interest in the resolution. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam).

In this case, it cannot be said that Levesque's claim is moot at this stage of the litigation. Despite having been discharged as a patient and his injuries having healed, Levesque holds a personal stake in the outcome of the present case. Lewis, 494 U.S. at 477. Levesque has obtained treatment from CVPH and its staff on multiple occasions. Am. Compl. at 8, 21. The record before the Court sufficiently demonstrates that Levesque may again find himself a patient at CVPH.[6] The possibility of return to CVPH, and the persistence of Levesque's medical condition preserves the lawsuit at this stage. Amador, 655 F.3d at 99–100. Levesque maintains an interest in receiving adequate accommodation for his medical condition during any future stay at CVPH.

Accordingly, CVPH's motion on this ground should be denied.

### IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 87) be **DENIED**.

---

[6] Levesque could not simply refrain from returning to CVPH. While the circumstances which brought Levesque to CVPH are ambiguous it appears that the stay was not of his own volition. See generally Am. Compl.

9

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 5, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge